Appeal No. 17-3144

IN THE UNITED STATES COURTOF APPEALS

FOR THE TENTH CIRCUIT

JOREL SHOPHAR
Plaintiff/Petitioner – Appellant

vs

Krissy Gorski, State of Kansas, Kansas DCF, Audra Weaver, Moms Club, Teena Wilkie

Defendant/Respondent – Appellee

BRIEF OF APPELLANT
JOREL SHOPHAR

Jorel Shophar
6021 SW 29th Street
Topeka, KS 66614
816 724 8500
www.UnitedStatesChurch.info
Pro Se

APELLANT/PETITIONER'S OPENING BRIEF

## STATEMENT OF JURISDICTION

The Plaintiff/Appellant brought this appeal to protect the safety and welfare of his two children's lives for possible child exploitation, severe emotional harm and bodily harm. The District Court of Kansas had jurisdiction under constitutional 28 U.S. Code § 1331. On June 16, 2017 the District Court of Kansas entered an order granting the Defendants' motions to dismiss. The jurisdiction to this Court is provided by 28 U.S.C. § 1291. A notice of appeal was filed on a timely matter on June 20, 2017.

## FACTUAL BACKGROUND

Krissy Gorski was saved from abuse, drug addiction and sex trafficking, being a captive to criminal conduct in the State of Michigan. The petitioner used church resources to rehabilitate Gorski, and removed her from the streets of Detroit where she had prostituted for many years. Gorski was under the care of the petitioner for nearly 5 years and was cleaned from drug abuse and all crime, building a healthy life with a family. She had escaped a life of torture and drug abuse. Over the course of time the petitioner had two children with Gorski, in the State of Michigan. Paternity was established by signature on the birth certificates, reconfirmed by paternity in Kansas and the petitioner took care of the children all their lives and the mother Gorski for nearly 5 years. The petitioner then moved his two sets of families to Kansas from the State of Michigan and Illinois. Gorski then became affiliate with Moms Club of Olathe and began having night-outs. Gorski also had operations in the Olathe Hospital and began abusing pain killers (Oxycod/Acetamin) and alcohol, and lost 30 lbs within months which caused concern.

Gorski then began to abuse the children and pain killers. The petitioner then made attempts to obtain full custody of the children, to protect children. Gorski would then file a false claim against the petitioner and was granted by the court of Johnson County an **illegal custodial parent** status of the two children, although Gorski has a **12 count Felony criminal Record**, and is registered on the **Registry of Abuse and Neglect of a Child in the State of Michigan.** This information was new to the petitioner, and accessed by state actors who concealed Gorski's criminal record. Gorski then returned to prostitution while having two children under her care in the State of Kansas, and sex trafficking after no longer being under the care of the petitioner. Gorski then made plans to return to Michigan with the petitioner's children, and contrived a false claim of domestic abuse against the petitioner. Gorski recently made good on her threats to leave Kansas to the State of Michigan with the children, and has unlawfully taken the children back to Michigan, violating a Court Order to not leave the State of Kansas. The petitioner [father] has joint legal custody, but has no record of where the children are currently or any medical records in the past 2 years. The petitioner has been restrained from his children for over 2 years to date. The petitioner is in constant fear that the children are in danger in the State of Michigan under her care.

Over the course of time, the children started making claims of sexually explicit statements of acts done with "strangers." The children made these admissions to the petitioner which is the father. In the month of March, April and May of 2017, the children made admissions of sexual explicit statements while being under the care of the mother, describing sexual

actions with strangers. The children have complained of sexual abuse and abuse by "strangers and people" which is recorded on audio and video record. Johnson County has refused to conduct a Forensics Interview, although children ages 4 and 5 have advanced knowledge of sexuality, which is a strong indicator of possible sexual abuse and sex trafficking. Petitioner provided the video and an Affidavit [View Exhibit 1] of the children's' explicit statements to Shawnee County Court, Topeka Police, Lenexa Police, and the FBI. Additionally an FBI agent and professional licensed Psychologists all determined that a Forensics Evaluation Interview was needed to protect the children, including a Sergeant from the Topeka Police Department. Petitioner also filed the evidence in District Court and shortly thereafter the District Court dismissed petitioner two conjunct lawsuits by granting strategic motion to dismiss by the respondents. Although vigorous attempts, Petitioner has not been able to receive any relief or resolve issues in any court in the State of Kansas.

## 1. Statement of the Case

On April 25, 2016, petitioner filed a suit against the respondents alleging that they had violated and deprived petitioner's constitutional rights to his children. This lawsuit was in conjunction Kansas case [15:CV-4961-DDA-KGS] with petitioner November 18, 2015 lawsuit. Respondents also deprived and violated petitioner's civil liberties to exercise his freedom of religion. Pleadings lasted over a year which included motions, responses, documentary evidence that supported the petitioner's facts alleged, exhibits, affidavits, interrogatories, and arguments.

On June 2, 2016 the District Court granted petitioner to submit conventional evidence in the form of audio which was clear and convincing evidence of Ms. Gorski's admitting she made false allegations against the petitioner and revealed the true motive for leaving on August 12, 2015 with his children. On June 6, 2016 petitioner requested to add Joinders to the Federal law suit. Among the Joinders were Krissy Gorski, Teena Wilkie and Audra Weaver. Petitioner first filed a lawsuit in the Shawnee, County against the defendants however, as the case in the Federal Court continued with pleadings, the petitioner requested to add the defendants to the federal law suit because their actions were the cause of the whole matter of deprivation and discrimination, which brought upon the lawsuits to all the defendants.

On June 30, 2016 the District Court granted the Joinder request and the amended complaint. Krissy Gorski, Teena Wilkie and Audra Weaver were added as defendants to the Federal lawsuit. Thereafter, petitioner voluntarily dismissed the pending case in Shawnee County Kansas Court. July 14, 2016 summit was returned, executed for Krissy Gorski which was sent to her attorney Alexandra English.

On July 12, 2016 in a response to defendant Kansas, petitioner submitted multiple exhibit evidence to support his asserted claims, evidence that revealed petitioner bond with his children which contradicted reports by the respondents, and evidence that proved allegations made against the petitioner by the mother were false. The District Court granted exhibits to be filed as conventional.

On August 4, 2016 respondent DCF motioned the District Court to stay discovery. Petitioner's exhibits exposed the violations of the respondents that were conducted against the Petitioner rights to his children. August 12, 2016 petitioner requested default for Krissy Gorski, for not responding to the petitioner's complaint. Audra Weaver and Teena Wilkie did

respond to the complaint. August 12, 2016 Clerk's entry of default for Krissy Gorski. August 16, 2016 per orders default was set aside. August 17, 2016 Allis summons issued as to Krissy Gorski to be served in person at Johnson County Courthouse. August 29, 2016 affidavit for return of service summon unexecuted for Krissy Gorski. Petitioner attempted to serve Krissy Gorski in Johnson County Court however, Judge Gyllenborg did not allow the petitioner to serve her. Both Krissy Gorski and her attorney Alexandra English also refused the complaint in the court room, and they had refused the mail service to receive the complaint.

September 21, 2016 District Court granted motion to stay discovery. In October 2016 petitioner file a motion to amend complaint for new allegations against DCF. December 5, 2016 amended complaint was granted with additions. On December 20, 2016 Krissy Gorski finally was served with the amended complaint. (After petitioner's complaint to Chief Judge of Johnson County at a court hearing, judge instructs her attorney Alexandra English to serve the complaint to Krissy Gorski.)

December 28, 2016 Krissy Gorski finally responded to the complaint with an assistance of a legal Ghost writer believed to be Alexandra of Kansas Legal Services, who asserted more false allegations against the Petitioner in another court however, no evidence to support her claims.

March 23, 2016 motion to dismiss cases for several respondents was granted. Court was awaiting for Teena Wilkie's response and mom's club of Olathe, which never responded to the lawsuit, but was Granted dismissal.

On May 16, 2017 petitioner filed a declaration stating petitioner was seeking an attorney for the Federal Cases. On May 17, 2017 Petitioner filed an Affidavit of admissions of petitioner's children. The affidavit informed the District Court that the children were exposed to sexually explicit conduct and were possibly victims of Exploitation which is a Federal Crime pursuant to **18 USC § 1591.** Along with the affidavit the petitioner submitted evidence of child JS's admission in the form of audio and video as evidence. Petitioner also filed a motion to leave to file evidence conventional.

In a separate motion on May 17, 2017 Petitioner filed motion pleading with the District Court to take jurisdiction for a thorough investigation seeing that exploitation is a Federal Crime and Johnson County refused to investigate, but returned the children to the mother without a Forensic investigation. On May 24, 2017 motion to file conventional evidence was denied and the USB containing the child's admission evidence was returned to the petitioner unsealed. May 24, 2017 District Court instructs petitioner if he wished for an attorney, petitioner should as soon as possible retain one and have the attorney enter an appearance. Therefore, the petitioner complied with the instruction and hired an attorney. On June 6, 2017, attorney for petitioner entered an appearance. Petitioner's attorney was not able to make any pleading because on June 12, 2017 the final defendant motion to dismiss was granted and the Court closed the case. The dismissal was done swiftly, the decision was callus, which overlooked the children's lives being at risk to sex trafficking which falls under the jurisdiction of the Federal Court, along with many other claims of deprivation of First Amendment Rights, Sixth Amendments Rights, and the Petitioners parental rights, were are being violated at the very moment of this pleading.

**2. Statement of Facts Relevant to the Issues Presented for Review**

I. Whether the District Court dismissed Petitioner's case at a very critical moment disregarding the safety of the petitioner's children and the protection of Federal laws to citizens of the United States constitution.

II. Whether the District court erred in dismissing Petitioner's case based on a lack of subject matter jurisdiction.

III. Whether the District court erred in dismissing Petitioner's case based on failure to state a claim.

**3. Statement of Issues**

**a. First Issue:** I. . Whether the District Court dismissed Petitioner's case at a very critical moment disregarding the safety of the petitioner's children and the protection of Federal laws to citizens of the United States constitution.

**Argument and Authorities:** The affidavit that the petitioner filed with the District Court on May 17, 2017 should have caused the court to use their discretion to protect the welfare of the children. (See Exhibit 1 ) To dismiss the case as such a point questions the concern the Court had for the children, and the obligation to uphold Federal Laws. At that moment, the case extended beyond the petitioner's alleged claims, the defendants' defense and the complaint. The safety of the children should have been priority worthy for a chance seeing that children are protecting under Federal Law. To extend sound discretion included to look beyond the strategic motion to dismiss of the respondents and focus on the needs and safety of the children. Due to the lack of just judgment on every avenue of the legal latter, the children are in a vulnerable situation and unknown where abouts. There were times where the case remained open for three months at a time without any activity. In May there seemed to be an urgency to dismiss the case and was dismissed as soon as an attorney entered an appearance.

**b. Second Issue:** II. Whether the District court erred in dismissing Petitioner's case based on a lack of subject matter jurisdiction

**Argument and Authorities:** The District Court gained subject matter jurisdiction over the petitioner's case as it was brought before the Court having federal questions. Throughout the pleadings, the petitioner's complaint and arguments demonstrates clearly that the petitioner was deprived custody, deprived visitation with his children, deprived any information about his children without any legal basis. The petitioner was deprived and denied the right to his children which violated his rights as a parent secured under the Constitution. The petitioner's case had issues that arose under the Constitution. Therefore the Federal Court was able to hear the case and the subject matter jurisdiction did exist.

*A parent's right to the custody of his or her children is an element of "liberty" guaranteed by the 5th Amendment and the 14th Amendment of the United States Constitution. Matter of Gentry, 369 NW 2d 889, MI App. Div. (1983)*

For over 2 years the petitioner has been deprived the right to visit with his children, the right to have access to his children, the right to know the medical and education information of his children and the right to raise his children. All respondents have played a role in the deprivation of the petitioner from visiting with his children. There are NO findings

in *any* court that can support the legal basis to deprive and deny the petitioner rights to visit his children or the right to have custody of his children.

### c. Third Issue: III. Whether the District court erred in dismissing Petitioner's case based on failure to state a claim.

**Argument and Authorities:**

The Court dismissed the petitioner's case for failure to state a claim. The Court is not only obligated to make a determination based on rules but it has an obligation to make a determination on the side of justice governed by Federal laws. The strategic motion, raised by the defendants is to avoid responding the petitioner's complaint. Petitioner challenged the Defendants to admit or deny claims asserted in the complaint referencing Fed. R. Civ. P. 8(b)(1)(B). Defendant defense was Fed. R. Civ. P. 12. The District Court after one year and a half made a determination to agree and accept the defendants defense. As for the petitioner, an opportunity for justice has been stifled again. In every legal avenue that the petitioner has attempted to receive legal justice for deprivation of his children and the harm the children have encountered violation of due process, and stipulations that block his affords.

As we analysis the case, the defendants clearly used the strategic motion to dismiss. This defense is to raise attention to a strategy in order to avoid to answer or deny claims by a petitioner. How can a case be dismissed on a rule, a standard and not on a legal basis or a law? According to Biblical law, a judgment cannot be made unless the whole matter is heard first from both sides. The petitioner asserted his claims and the defendants used a tactical motion to avoid answering with their side of the events. This even violates Due Process. The Petitioner has survives a Summary Judgment, by submitting many documents of evidence through exhibits. How can a just and righteous judgment be determined without hearing the other side of the matter? The motion is just a way to allude any wrong doing by claiming the claims are not clear or the claim was not stated. If the alleged claims have enough factual substance, than the claim has a standing. If the claims asserted by the petitioner have evidence to support it, than the claim has been stated. To withhold a lawsuit to proceed into the discovery process is an injustice to attaining justice, especially after a case has maintained for over 18 months.

The petitioner asserted his claims in the complaint and submitted evidence which supported his allegations. The respondents motioned the District Court to just dismiss a case but were not obligated by rules and standards to answer or deny a claim. However, a petitioner is obligated to state a claim in a particular format in order to proceed with a lawsuit to find justice. It almost seems impossible to attain justice when wrong doing is justified by tactical motions.

For example, petitioner submitted clear evidence that the mother of his children falsely accused him of domestic and child abuse. The Father had evidence that the mother was in fact guilty of abuse, drug abuse, and fraud, which was provided by evidence of audio and video, which was submitted and allowed in the Court. The audio which the District Court allowed in as conventional evidence which proved that the petitioner was a victim of false allegation abuse, and that the mother completely fabricated the whole matter in the Johnson County. The evidence demonstrated that all respondents did not have the right as a matter of law to ever deny petitioner rights to his children. To place unconstitutional orders to limit

6

father visits with his children, orders to limit father to custody or just plainly make decision to interfere with the father and children's God given relationship, is a deprivation of law, guarantee by the Constitutional for protection, especially when Due Process and the violation of the First Amendment is present. The respondents clearly violated the petitioner's Parental rights which is protected by Biblical Law and the Constitution of the United States of America. There were claims according to the petitioner's complaint, pleadings, arguments and evidence that made room for the District Court to instill its sound discretion to conclude that the Petitioner had rights to his children but his rights as the Father were taken away without legal basis. Petitioner has been deprived and denied rights to his children over 2 years violating his constitutional right, and even so even till this very day. Petitioner had a legal basis for a claim which overwrites the technical rules in a complaint. We understand rules, standards and legal writings are important but legal basis is the cornerstone to justice. There is NO finding against the petitioner that supports to withhold his children from him. Therefore, all respondents are liable by their actions that stood in the way of the petitioner and his children, by violated the Petitioners constitutional rights.

**4. Do you think the District Court applied the wrong law? If so, what law do you want to apply?**

The District Court overlooked the petitioners factual evidence through documentary and audio, and video form to favor the petitioner's complaint. The defendants produced legal jargon writings to oppose factual truth. The petitioner vigorously declared throughout the pleading stages that there was more evidence which would be seen in interrogatories, and had proven through exhibit evidence that violation of Constitutional law was present. The Defendants did not deny the exhibits of truth. The fact that the District Court allowed for the case to continue to last for a long length of time would be an indicator that the case the petitioner presented had some legal merit worthy to be heard unto trial. However, in May of 2017 a shift occurred when petitioner filed an affidavit of the children's explicit sexual statement and the District Court and the cases were swiftly dismissed, along the Court has jurisdiction over Federal laws regaining sexual exploitation, and could have enforced an investigation. **The Petitioner being fully concerned gave the same evidence to the FBI and was interviewed, and the Agent requested the children to have a Forensics conduct by one of their agent professionals, but Johnson County court denied the father his rights to the children, and returned them to the mother, and then the mother left the State of Kansas back to the State of Michigan where she is hiding the children, and violating even more Federal Laws of inter State kidnapping.**

The District Court did not apply any law. They failed to apply constitutional law which was constitutes for the deprivation of the father's right. The District Court did not apply the Fourteenth Amendment law. The respondents took away the petitioner right to his children before due process was allowed on multiple occasions in the court of Law. In August of 2015, there was no legal hearing and no findings against the petitioner nor was the petitioner declared unfit however, the petitioner's rights to his children were taken way and has been the case even to this very moment. The petitioner was not allow to see or visit his children for long periods at a time.

In February of 2015 Petitioner was not given the opportunity to a fair trial before the children were placed with the mother, violating his parental rights as a Father. Petitioner's children were placed in the custody of the mother without a

7

trial being conducted first. The petitioner was never given the opportunity to plead his case and his fitness in the trial. There is clear violation to petitioner's Fourteenth Amendment when respondents placed children with mother before the trial based on evidence of abuse by the mother, and prostitution and drug abuse, depriving petitioner's due process right. *It is well-settled that parents have a liberty interest in the custody of their children. Hence, any deprivation of that interest by the state must be accomplished by procedures meeting the requirements of due process."* **Hooks v. Hooks United States Court of Appeals (1985)**

*Father enjoys the right to associate with his children which is guaranteed by this amendment (First) as incorporated in Amendment 14, or which is embodied in 'the concept of "liberty" as that word is used in Due Process Clause of the 14th Amendment and Equal Protection Clause of the 14th Amendment.* **Mar bra V Schmidt, 356 620; DC, WI (1973)**

The Court did not apply the violation to his first amendment rights in which respondents decisions to deprive children from the petitioner merely because of the disapproval and discriminatory conduct against the petitioner's belief in the Bible and his choice to live according the Bible.

### 5. Did the District Court incorrectly decide the facts? If so, what facts?

Yes, the court did incorrectly to decide the facts. The petitioner gave factual statements and provided evidence to support his allegations. Through the petitioner's evidence which included videos, text messages, phone records, audio recording, clearly supporting his allegations that respondents violated his parental Constitutional rights to his children wrongfully. Evidence stands firm above allegations. The respondents in their pleading and responses made allegations but did not submit any evidence to support their statements. On the contrary, Petitioner submitted plenty of evidence that stood as factual support to his claims and statements. In the District Court's memorandum it makes mentioned of respondents allegations especially Krissy Gorski continual false accusation against the petitioner on court records. However, never once has Krissy Gorski submitted any time of evidence to support her fraudulent claims. The District court makes a determination based on Ms. Gorski's allegations but nowhere in the memorandum does the District Court reference the solid evidence the Petitioner submitted to the Court. Facts that stemmed from the evidence the Petitioner submitted is very vital to the law suit its self. The evidence demonstrated that the petitioner lawsuit does have merit to proceed further into trial. We also see that the evidence the petitioner submitted caused the defense to immediately motion the District court to stay discovery because it was exposing the violation that were being committed against the petitioner and his children. However, as allowed, the respondents were protected by their strategic motion to dismiss.

The petitioner's facts were accepted but were not considered at the time of the District Court determination of the case. However, when the respondents stated facts and minimal evidence, their facts were clearly referenced which demonstrated the District Court took into consideration of respondents facts when making its determination. The District court cited the facts on the order inaccurately gearing the fact toward the respondent and slightly misrepresenting the Petitioner.

### 6. Did the District Court fail to consider important grounds for relief? If so, what grounds?

8

The case was dismissed before the consideration for relief could even be determined.

**7. Do you feel that there are any other reasons why the District Court's Judgment was wrong? If so, what?**

Yes. The dismissal of the case was completely wrong especially when the dismissal was against the best interest of the petitioner's children lives and safety. The need of the intervention of the District Court was an important role in protecting the petitioner's children. For a judge to ignore possible sexual exploitation of a child after evidence was submitted on the record is seriously a wrong judgment. In addition, to receive evidence that proved wrong doing was conducted by a respondents and was disregarded lacks righteous judgment in behalf of the District Court. It was detrimental for District court to have not dismissed the case in the month of May but instead an ordering of an investigation would have been the proper and just judgment.

**8. What action do you want this court to take in your case?**

It would be ideal for the 10th Circuit court to reverse the District court decision and allow for the case to enter into the discovery and heard until its fullness unto trial. This would give the petitioner his day in court and justice can finally be given a chance. The damage and the hurt that the petitioner and his children have encountered would be justified by justice. This Court would allow for the case to be proved by evidence and it would allow for the respondents to give an account to their actions and deeds done against the petitioner and his family.

**9. Do you think the Court should hear oral argument in this case? If so, why?**

Yes. Written arguments are good but oral argument have a powerful dynamic to it. The oral argument allows for the case to be detailed to the full extend and can demonstrate the severity of the case regarding the children's lives.

8-24-2017

Date

Signature

## CERTIFICATE OF SERVICE

I hereby certify that a copy Appellant's Opening Brief sent on August 25, 2017 to the Clerk's Office of the 10th Circuit Court and to the following Counsels by U.S. Mail, postage prepaid, addressed to the following:

Kansas Attorney General
John Wesley Smith
120 SW 10th Ave #2
Topeka, KS 66612
wes.smith@ag.ks.gov
*Attorney for State of Kansas*

Kansas Department for Children and Families
General Counsel's Office
Corliss Scroggins Lawson
555 S. Kansas Avenue, 6th Flr.
Topeka, KS 66603

Joseph, Hollander & Craft LLC
Christopher Michael Joseph
1508 SW Topeka Blvd.
Topeka, KS 66612
cjoseph@josephhollander.com
*Attorney for Audra Weaver and Mom's Club*

Joseph, Hollander & Craft LLC
Katherine E.M. Chlumsky
500 N. Market Street
Wichita, KS 67214
kmalotte@josepphollander.com

Teena Wilkie
15700 W. 143rd Terr.
Olathe, KS 66062
*Pro Se Power of Attorney*

IN THE UNITED STATES DISTRICT COURT
OF KANSAS

| JOREL SHOPHAR<br>*Plaintiff's*<br>v.<br><br>TEENA WILKIE<br>MOMS CLUB OF OLATHE EAST<br><br>*Defendants* | CASE NO **5:15-CV-4043-DDC-KGS**<br><br>IN SUPPORT OF:<br><br>1. 18 USC § 1591 |
|---|---|

## ADMISSIONS OF THE CHILDREN - AFFIDAVIT

COMES NOW, Plaintiff, Jorel Shophar to file an Admissions of the Children – Affidavit in the United States District Court to show cause to the Court that the children have been exposed to sexually explicit conduct and may be victims of Exploitation of Minors which is a Federal Crime **pursuant to 18 USC § 1591.**

The Plaintiff and Father files this Affidavit for records of the children's admissions. The Plaintiff will use paraphrased statements of the children, as the graphic statement are to vulgar for Court records.

1. On **March 29, 2017** children expressed sexually explicit statements
2. On **April 5, 2017** children expressed sexually explicit statements
3. On **April 19, 2017** child J.S. made mention of sexually explicit conduct with "people"
4. On **April 19, 2017** child J.S. stated "would you like me to taste their private"
5. On **May 3, 2017** child J.S. made mention of sexually explicit conduct involving "strangers"
6. On **May 10, 2017** child J.S. made mention of vulgar events his "private parts" and people. The child mentioned other "children in a house in Kansas City with private parts showing."
7. On **May 12, 2017** child J.S. made mention of "people hitting me and kicking me"

The Plaintiff files this Admission of Children – Affidavit with paraphrases to cover the vulgarity of the statements before the Court. The detail of the statements **BY CHILDREN** are found in the Lenexa Police Department **Case number 16162** and the Olathe Police Department located in Johnson County Court.

The Plaintiff submits to the court a copy of audio and video evidence with identities of J.S. and B.S. along with the Father, Jorel Shophar on the audio, and in the video.

1

I. **EXHIBIT 1 – AUDIO AND VIDEO OF CHILDREN'S SEXUALLY EXPLICIT KNOWLEDGE**

II. **EXHIBIT 2 – J.S. ADMISSION OF SEXUALLY EXPLICIT ACTS**

WHEREFORE, The Plaintiff respectfully files this Admission of Children - Affidavit to the United States District Court to show cause for an investigation by the Federal Government into possible Exploitation of Children, to argue the deprivation of the Plaintiff's constitutional rights against the Defendants, and **most importantly to protect the lives of J.S. and B.S. from any further abuse.**

Respectfully Submitted,

*[signature]*

Jorel Shophar
6021 SW 29th St.
Suite: A Unit 305
Topeka, KS 66614
Shophar@UnitedStatesChurch.info


I SWEAR OR AFFIRM THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.

*[signature]*
Jorel Shophar

SUBSCRIBED AND SWORN to before me by Jorel Shophar on this ___17th___ day of May, 2017

*[signature]*
Notary Public

My commission expires: 10/06/2020

Matthew Runau
Notary Public
State of Kansas
My Appt. Exp. 10/06/2020

Appellate Case: 17-3144   Document: 01019861389   Date Filed: 08/25/2017   Page: 13

# PRIORITY MAIL EXPRESS™

OUR FASTEST SERVICE IN THE U.S.

Scanned by US Marshal

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EMS

EP13F July 2013   OD: 12.5 x 9.5

PS10001000006

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)   PHONE ( )
Jared Snyder
6601 SW Bon St
Topeka KS 66619

PAYMENT BY ACCOUNT (if applicable)

DELIVERY OPTIONS (Customer Use Only)
☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )
United States Court of Appeals
Byron White United States Courthouse
1823 Stout Street
Denver, CO 80257

ZIP + 4® (U.S. ADDRESSES ONLY)
80257

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

EL789693004US

INTERNATIONAL USE LABEL HERE

**UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS™**

**ORIGIN (POSTAL SERVICE USE ONLY)**
☒ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO
PO ZIP Code: 66675   Scheduled Delivery Date: 8/25/16   Postage: $23.75
Date Accepted: 8/24/17   Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON   Insurance Fee: $   COD Fee: $
Time Accepted: 6:56 ☐ AM ☐ PM   10:30 AM Delivery Fee: $   Return Receipt Fee: $   Live Animal Transportation Fee: $
Special Handling/Fragile: $   Sunday/Holiday Premium Fee: $   Total Postage & Fees: $23.75
Weight: 4 lbs ozs   ☐ Flat Rate   Acceptance Employee Initials: VD

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY)   Time ☐ AM ☐ PM   Employee Signature
Delivery Attempt (MM/DD/YY)   Time ☐ AM ☐ PM   Employee Signature

LABEL 11-B, OCTOBER 2016   PSN 7690-02-000-9996   3-ADDRESSEE COPY

## VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE®